IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAYMOND W. COBB and<br>RAYMOND W. COBB, LLC<br><br>     Plaintiffs,<br><br>v.<br><br>MCGIVNEY & KLUGER, P.C.<br><br>     Defendant. | :<br>:<br>: 1:08-cv-00123-GMS<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>: |

### REPLY TO COUNTERCLAIM

Plaintiffs, by and through their undersigned counsel respond to the Counterclaim of Defendant as follows:

19.   Plaintiffs incorporate the allegations of the Complaint as if same were set forth at length herein.

20.   Denied. In Count I of the Complaint, Plaintiffs have alleged that the Defendant owes Plaintiffs $330,050.00 plus attorneys fees, court costs and interest.. In Count II of the Complaint Plaintiffs alleged that the Defendant owes Plaintiffs $167,789.62.

21.   Denied. Plaintiffs have alleged in Count I of the Complaint that pursuant to 19 *Del. C.* §1101 *et seq.* Defendant owes Plaintiff $330,050.00 (wages $165,025.00 and penalties of $165,025.00) together with pre- and post-judgment interest at the maximum rate allowed pursuant to 6 *Del. C.* §2301, costs of this suit, and attorney's fees.

22.   Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. By way of further response, Defendant

advertised that Plaintiff Cobb was an in charge of the Defendant's Wilmington office during a time that no other attorney in Defendant's law firm was a member of the Bar for the State of Delaware.

23. Admitted that the amount in controversy is in excess of $75,000; otherwise denied.

24. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. Admitted.

26. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. Denied, including without limitation, as a conclusion of law.

28. Denied, including without limitation, as a conclusion of law.

29. Admitted.

30. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. As of the time of the filing of the Complaint, Defendant was not qualified to do business in Delaware.

35. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38. Denied.

39. Denied.

40. Denied.

41. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

43. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44. Admitted in part: denied in part: Admitted that Defendant contacted Plaintiff Cobb in November 2006; denied that an "interview" occurred but it is admitted there were meetings between Plaintiff Cobb and representatives of Defendant.

45. Admitted in part: denied in part: Admitted that Plaintiff Cobb has handled insurance defense matters for in excess of 20 years. Denied that insurance company billing practices and Defendant's billing guidelines were discussed.

46. Admitted in part, denied in part: Admitted that defendant's website contained information similar to the language contained in this paragraph; denied that there identical representations made by Plaintiff Cobb during discussions with Defendant.

47. Denied.

48. Admitted in part, denied in part: Admitted that the issue of conflicts was discussed, and needed to be resolved before any agreement could be reached; denied that there was any offer outstanding for two months. In fact, specific terms for the rate of compensation were never discussed until days before the agreement was reached.

49. Denied. By way of further response, Defendant represented Plaintiff Cobb as being employed by Defendant and having the status of "Of Counsel" and supervising Defendant's Wilmington office. Defendant at almost all relevant times had no attorney in its firm admitted in Delaware other than Plaintiff Cobb.

50. Denied. Given Defendant had no Delaware office and no Delaware attorneys, Plaintiffs are unable to understand the meaning of the phrase "its Delaware practice".

51. Admitted in part, denied in part: Admitted that Defendant agreed to pay Defendant Cobb $125/hour; denied that the there was an agreement as to the form, content or timeliness of the bills. By way of further response at the time of entering into the contract, the cases that were being transferred to Plaintiff Cobb for handling as a result of a wage/fee dispute between Defendant and another attorney who was handling these cases on behalf of Defendant.

52. Admitted.

53. Denied. By way of further response at the time of the formation of the contract, there was no discussion between Plaintiffs and Defendant regarding form of billing, billing guidelines, or the timing of bills.

54. Denied. By way of further response at the time of the formation of the contract, there was no discussion between Plaintiffs and Defendant regarding form of billing, billing guidelines, or the timing of bills.

55. Denied. By way of further response at the time of the formation of the contract, there was no discussion between Plaintiffs and Defendant regarding form of billing, billing guidelines, or the timing of bills.

56. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57. Denied, including without limitation as a conclusion of law.

58. Denied, including without limitation as a conclusion of law.

59. Denied. There was no agreement as to the form of the payment. By way of further response, Defendant never provided Plaintiff Cobb with any check in payment for work performed, despite Defendant receiving payment from insurance carriers or clients, thus Plaintiff Cobb has not had the opportunity to receive a payment and determine if there were withholding for taxes.

60. Denied. By way of further response, despite receiving payments from insurance carriers and/or clients for work performed by Plaintiff Cobb, Defendant never made any payment to Plaintiff Cobb, thus, Plaintiff is unable to form a belief as to the truth of the allegations as to what fringe benefits he would be eligible or what deductions would be made from his paycheck.

61. Denied.

62. Denied.

63. Admitted that there were numerous communications between Plaintiff Cobb and representatives of the Defendant; otherwise as the specific conversations and/or communications are not specifically identified, Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph.

64. As the specific conversations and/or communications are not specifically identified, Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph. By way of further response, Defendant stated in written communications that supplemental bills could be submitted and did not raise the issue of non-payment for bills submitted until the majority of bills/timesheets had been submitted.

65. Admitted that Plaintiffs stated they were "working" on bills and has submitted bills to Defendant. Denied, including without limitation as conclusions of law.

66. Denied.

67. Denied. By way of further response, despite Defendant being paid by insurance carriers and/or clients, defendant has wrongfully failed to pay Plaintiff. Additionally, the contract and agreement between Plaintiffs and Defendant was never contingent upon Defendant receiving payment for its bills.

68. Denied as stated. By way of further response, the agreement to pay Plaintiffs for work performed was not contingent upon Defendant being paid and there was no such agreement between the parties.

69. Denied. Defendant offered to pay $1,000 as a stipend for use of office space. By way of further response, Defendant was habitually late in paying "rent", often not making a payment for several months.

70. Admitted that Defendant has individuals working in Plaintiffs' office space; otherwise Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether these individuals are employees of Defendant.

71. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. By way of further response, Plaintiffs never had access to Defendant's billing system.

72. Denied. By way of further response, Plaintiffs did terminate an individual working for Plaintiffs through a temporary agency in January 2008.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied. By way of further response, Defendant advised Plaintiffs that the form of the bills was not important because its billing department would put the bills in proper format and conform to the various clients' billing guidelines.

78. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. By way of further response, Defendant has never paid Plaintiff Cobb any wages or salary for the work performed.

79. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

80. Denied.

81. Denied.

82. Denied. By way of further response, Plaintiff Cobb was not "terminated" by Defendant; rather, Plaintiff Cobb ended its relationship with Defendant after making repeated demands for payment to which Plaintiff received no response.

83. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

84. Admitted to the extent, based upon Defendant's repeated failure to honor its agreement to pay rent in a timely manner; otherwise denied. Additionally Defendant has failed to pay increased rent after employing additional staff and occupying more office space..

85. Admitted that Plaintiff Cobb has made numerous demands for payment under 19 *Del. C.* §1100 *et seq.* to Defendant, all of which have been ignored and no payment has been received. Admitted the time for such payments has expired and Defendant is in default of the provisions of this statute and therefore, Plaintiff has instituted suit under the provisions of the applicable statute.

86. Admitted that Plaintiff Cobb has demanded payment from Defendant under 19 *Del. C.* §1100 *et seq.*; otherwise denied.

87. Denied. By way of further response, Defendant's Answer essentially admits it advertised Plaintiff Cobb as an employee and/or member of its law firm and that Plaintiff Cobb was employed by Defendant in the capacity of "Of Counsel".

88. Denied. By way of further response, Defendant has no reasonable grounds for dispute as that phrase is defined in the statute or case law.

## COUNT I

89. Plaintiffs incorporate by reference the allegations of their Complaint and all responses to the Counter-Claim as if set forth at length herein.

90. Denied.

91. Denied. While admitted that Plaintiffs are seeking damages for Defendant's breach of contract and under the Delaware Wage Collection Act, given Defendant's repeated failure to respond to Plaintiffs' requests for payment, Defendant's failure to pay Plaintiffs the sums due and owing, and Defendant's failure to state a basis for refusing to pay sums due and owing prior to this lawsuit being instituted, Plaintiffs are without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

92. Denied.

93. Denied.

94. Denied, including without limitation as a conclusion of law.

95. Denied.

96. Denied. By way of further response, Defendant has not complied with any of its obligations under its contract/agreement with Plaintiffs, therefore, it has "unclean hands' and is not entitled to any declaration regarding the contract.

### COUNT II

97. Plaintiffs incorporate by reference the allegations of their Complaint and all responses to the Counter-Claim as if set forth at length herein.

98. Denied. By way of further response, there was no agreement between Plaintiffs and Defendant as to the form of bills/timesheets and this was never an agreed term of the alleged contract.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

## COUNT III

103. Plaintiffs incorporate by reference the allegations of their Complaint and all responses to the Counter-Claim as if set forth at length herein.

104. Denied.

105. Denied, including without limitation as a conclusion of law.

106. By way of further response, Plaintiffs never agreed as part of their contract with Defendant to provide bills or timesheets in compliance with any insurers' guidelines or practices. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph

107. Denied (as to Plaintiffs). By way of further response, Defendant's obligation to pay Plaintiffs was not conditioned upon Defendant receiving payment from its clients and/or insurers.

108. Denied, including without limitation as a conclusion of law.

109. Denied. By way of further response, Defendant's obligation to pay Plaintiffs was not conditioned upon Defendant receiving payment from its clients and/or insurers.

110. Denied.

111. Denied.

## COUNT IV

112. Plaintiffs incorporate by reference the allegations of their Complaint and all responses to the Counter-Claim as if set forth at length herein.

113. Denied, including without limitation as a conclusion of law.

114. Denied.

115. Denied.

## COUNT V

116. Plaintiffs incorporate by reference the allegations of their Complaint and all responses to the Counter-Claim as if set forth at length herein.

117. Denied. By way of further response, Plaintiffs never agreed as part of their contract with Defendant to provide bills or timesheets in compliance with any insurers' guidelines or practices.

118. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including without limitation as they relate to what Defendant relied upon and as the specific "promises" are not specifically identified.

119. Denied. By way of further response, Plaintiffs never agreed as part of their contract with Defendant to provide bills or timesheets in compliance with any insurers' guidelines or practices.

120. Denied. By way of further response, Plaintiffs never agreed as part of their contract with Defendant to provide bills or timesheets in compliance with any insurers' guidelines or practices. Additionally, Defendant never specified at the time of the formation of the contract any timeframes within which bills or timesheets should be submitted.

121. Denied.

## COUNT VI

122. Plaintiffs incorporate by reference the allegations of their Complaint and all responses to the Counter-Claim as if set forth at length herein.

123. Denied. By way of further response, Defendant represented Plaintiff Cobb as being employed by Defendant and having the status of "Of Counsel" and supervising

Defendant's Wilmington office. Defendant at almost all relevant times had no attorney in its firm admitted in Delaware other than Plaintiff Cobb..

124.    Denied. By way of further response, Plaintiffs never agreed as part of their contract with Defendant to provide bills or timesheets in compliance with any insurers' guidelines or practices. Additionally, Defendant never specified at the time of the formation of the contract any timeframes within which bills or timesheets should be submitted.

125.    Denied. By way of further response, Plaintiffs never agreed as part of their contract with Defendant to provide bills or timesheets in compliance with any insurers' guidelines or practices. Additionally, Defendant never specified at the time of the formation of the contract any timeframes within which bills or timesheets should be submitted. Lastly, Defendant never paid Plaintiff Cobb for work performed despite receiving payment from its clients and/or insurers.

126.    Denied. By way of further response, Plaintiffs never agreed as part of their contract with Defendant to provide bills or timesheets in compliance with any insurers' guidelines or practices. Additionally, Defendant never specified at the time of the formation of the contract any timeframes within which bills or timesheets should be submitted.

127.    Denied. By way of further response, Plaintiffs never agreed as part of their contract with Defendant to provide bills or timesheets in compliance with any insurers' guidelines or practices. Additionally, Defendant never specified at the time of the formation of the contract any timeframes within which bills or timesheets should be submitted.

128.    Denied. By way of further response, Plaintiffs never agreed as part of their contract with Defendant to provide bills or timesheets in compliance with any insurers'

guidelines or practices. Additionally, Defendant never specified at the time of the formation of the contract any timeframes within which bills or timesheets should be submitted.

129. Denied.

130. Denied. By way of further response, Defendant has "unclean hands" given Defendant's repeated failure to respond to Plaintiffs' requests for payment, Defendant's failure to pay Plaintiffs the sums due and owing, and Defendant's failure to state a basis for refusing to pay sums due and owing, Defendant's failure to pay Plaintiffs despite receiving payment for work performed by Plaintiffs.

## COUNT VII

131. Plaintiffs incorporate by reference the allegations of their Complaint and all responses to the Counter-Claim as if set forth at length herein.

132. Denied. By way of further response, Plaintiffs never agreed as part of their contract with Defendant to provide bills or timesheets in compliance with any insurers' guidelines or practices. Additionally, Defendant never specified at the time of the formation of the contract any timeframes within which bills or timesheets should be submitted.

133. Denied. By way of further response, any contract or agreement between Plaintiffs and Defendant was never contingent upon the Defendant being paid by any insurance carrier and/or client for the work performed by Plaintiffs. The contract was that Defendant would pay Plaintiff Cobb upon submission of bills or timesheets and such payment was not conditioned upon Defendant being paid.

134. Denied. By way of further response, any contract or agreement between Plaintiffs and Defendant was never contingent upon the Defendant being paid by any insurance carrier and/or client for the work performed by Plaintiffs. The contract was that Defendant would pay

13

Plaintiff Cobb upon submission of bills or timesheets and such payment was not conditioned upon Defendant being paid.

135. Denied, including without limitation as a conclusion of law.

136. Denied.

137. Denied. By way of further response, any contract or agreement between Plaintiffs and Defendant was never contingent upon the Defendant being paid by any insurance carrier and/or client for the work performed by Plaintiffs. The contract was that Defendant would pay Plaintiff Cobb upon submission of bills or timesheets and such payment was not conditioned upon Defendant being paid.

138. Denied.

## COUNT VIII

139. Plaintiffs incorporate by reference the allegations of their Complaint and all responses to the Counter-Claim as if set forth at length herein.

140. Denied. By way of further response, any contract or agreement between Plaintiffs and Defendant was never contingent upon the Defendant being paid by any insurance carrier and/or client for the work performed by Plaintiffs. The contract was that Defendant would pay Plaintiff Cobb upon submission of bills or timesheets and such payment was not conditioned upon Defendant being paid.

142. Denied, including without limitation as a conclusion of law.

143. Denied. By way of further response, any contract or agreement between Plaintiffs and Defendant was never contingent upon the Defendant being paid by any insurance carrier and/or client for the work performed by Plaintiffs. The contract was that Defendant would pay

Plaintiff Cobb upon submission of bills or timesheets and such payment was not conditioned upon Defendant being paid.

144. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff has failed to mitigate its alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff has failed to plead the allegations of fraud with particularity as required by FRCP Rule 9(b), therefore all references to and claims for fraud must be stricken.

### FOURTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's equitable claims must be denied because of the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claim for special damages has not been specifically pled under FRCP Rule 9(g); therefore, all claims for special damages must be stricken and denied.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim contains material that is immaterial, impertinent, redundant, or scandalous and it should be stricken pursuant to FRCP 12(f).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendants reserve the right to amend to add other Affirmative Defenses as discovery proceeds.

**WHEREFORE,** Plaintiffs/Counterclaim Defendants demand that the Counterclaim of Defendant be dismissed with prejudice and judgment be entered in favor of Plaintiffs/Counterclaim Defendants and award such other relief as this Court deems just.

/s/ JEFFREY M. WEINER, ESQUIRE #403
JEFFREY M. WEINER, ESQUIRE #403
1332 King Street
Wilmington, DE 19801
(302) 652-0505
**Counsel for Plaintiffs/Counterclaim Defendants**

**DATED:** March 26, 2008

## CERTIFICATE OF SERVICE

I, Jeffrey M. Weiner, Esquire, hereby certify that copies of the **Reply to Counterclaim** were E-served this 26th day of March 2008, as follows:

**MARY F. HIGGINS, ESQUIRE #4179**
McGivney & Kluger, P.C.
1001 North Jefferson Street, Suite 208
Wilmington, Delaware 19801

/s/ JEFFREY M. WEINER, ESQUIRE #403
JEFFREY M. WEINER, ESQUIRE #403
1332 King Street
Wilmington, Delaware 19801
(302) 652-0505
**Counsel for Plaintiffs/Counterclaim Defendants**